COURT OF APPEALS

DECISION

DATED AND FILED

September 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP836**

STATE OF WISCONSIN

Cir. Ct. No. 2009CF459

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CORTEZ LORENZO TOLIVER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed.*

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Cortez Lorenzo Toliver appeals pro se from a circuit court order denying his WIS. STAT. § 974.06 (2017-18)[1] postconviction motion without a hearing. Toliver contends that he is entitled to an evidentiary hearing on the issue of whether he should be permitted to withdraw his guilty pleas. Because Toliver's claims are barred by § 974.06(4), and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and because the record conclusively shows that Toliver is not entitled to relief on the merits of his plea withdrawal claim, we affirm.

¶2      When he was sixteen years old, Toliver pled guilty to and was convicted of the crimes of first-degree reckless injury and attempted robbery, both involving the use of a dangerous weapon. The postconviction court denied Toliver's WIS. STAT. § 974.02 motion for sentencing relief. On direct appeal, Toliver argued that the circuit court erroneously exercised its discretion when it denied his reverse waiver motion, and in imposing sentence. We affirmed the judgment of conviction and order denying postconviction relief. *State v. Toliver*, No. 2012AP393-CR, unpublished slip op. (WI App April 4, 2013). The Wisconsin Supreme Court granted review, and affirmed this court's decision.

¶3      Toliver filed a pro se WIS. STAT. § 974.06 motion seeking to withdraw his guilty pleas, arguing that the circuit court conducted an inadequate plea colloquy under *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). Specifically, Toliver asserted that the plea-taking court failed to (1) ascertain whether any promises or threats were made to induce his pleas, (2) establish

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

whether Toliver understood the nature of the crimes and the range of punishments he faced, and (3) ascertain whether a factual basis existed to support the charges of conviction. In support, Toliver attached a copy of the plea hearing transcript. Toliver's motion alleged that his postconviction counsel "chose not to introduce a challenge" to the plea colloquy. The motion did not affirmatively allege that Toliver's postconviction counsel was ineffective for failing to challenge the plea colloquy.

¶4 The circuit court denied Toliver's WIS. STAT. § 974.06 motion without a hearing on two grounds. First, the court determined that the plea hearing transcript "conclusively demonstrates that the court conducted a thorough plea colloquy with [Toliver]." Second, the court determined that Toliver's motion failed "to state any reason why an issue concerning the adequacy of the plea colloquy was not raised in a motion preceding the first appeal[,]" and that therefore, his claims were procedurally barred. Toliver appeals.

¶5 Absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that could have been raised in a prior postconviction motion or appeal. *See* § 974.06(4); *Escalona-Naranjo*, 185 Wis. 2d at 181-82, 184-86. Whether a sufficient reason is stated is a question of law subject to de novo review. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶6 We conclude that the claims in Toliver's WIS. STAT. § 974.06 postconviction motion are procedurally barred. Toliver previously pursued a postconviction motion and direct appeal under WIS. STAT. RULE 809.30. He could have but did not raise claims challenging the propriety of the plea-taking procedure, including the purported *Bangert* deficiencies he now asserts. Toliver's

§ 974.06 motion fails to assert any reason, let alone a sufficient reason, explaining why he did not raise these claims earlier. As such, Toliver was not entitled to a hearing on his § 974.06 postconviction motion.

¶7 Toliver asserts for the first time on appeal that postconviction counsel provided ineffective assistance by failing to challenge the entry of Toliver's guilty pleas in his original postconviction motion. The ineffective assistance of postconviction counsel may constitute a sufficient reason for purposes of overcoming *Escalona*'s procedural bar where the defendant alleges particular material facts which, if proven, demonstrate that he or she is entitled to relief. *See State v. Balliette*, 2011 WI 79, ¶79, 336 Wis. 2d 358, 805 N.W.2d 334. In order to overcome the presumption that postconviction counsel acted reasonably, a WIS. STAT. § 974.06 motion must allege specific facts showing both that counsel's performance was deficient and that this deficiency was prejudicial. *Id.*, ¶63.

¶8 To the extent that Toliver's WIS. STAT. § 974.06 motion attempted to plead the ineffective assistance of postconviction counsel, it is insufficient on its face to require an evidentiary *Machner*[2] hearing. *Balliette*, 336 Wis. 2d 358, ¶18 (whether a § 974.06 postconviction motion alleges sufficient facts to require a hearing is a question of law reviewed de novo). To entitle the defendant to a hearing, the motion must "allege the five 'w's' and one 'h'"; that is, [the] who, what, where, when, why, and how" of the defendant's claim, within its four

---

[2] *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (where a defendant claims he or she received the ineffective assistance of counsel, an evidentiary hearing "is a prerequisite … on appeal to preserve the testimony of … counsel").

corners. *State v. Allen*, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433. Toliver's motion is wholly conclusory and does not begin to meet this pleading standard.

¶9 Finally, putting aside the pleading deficiencies in Toliver's WIS. STAT. § 974.06 postconviction motion, the circuit court properly denied the motion without a hearing because the record as a whole conclusively demonstrates that the plea-taking court performed its duties in compliance with WIS. STAT. § 971.08, and *Bangert*.

¶10 Under WIS. STAT. § 971.08, the record of the plea colloquy must show that the defendant entered his or her pleas with an understanding of the nature of the charges, the constitutional rights being waived, the factual basis for the pleas, and the maximum penalties. *Bangert*, 131 Wis. 2d at 261-62, 265. A motion seeking plea withdrawal due to a defective plea colloquy must (1) demonstrate a deficiency in the plea colloquy, and (2) allege that the defendant did not otherwise know or understand the information that should have been provided at the plea hearing. *Id*. at 274. "Whether [a defendant] has pointed to deficiencies in the plea colloquy that establish a violation of WIS. STAT. § 971.08 or other mandatory duties at a plea hearing is a question of law we review de novo." *State v. Brown*, 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.

¶11 Toliver asserts that the plea colloquy was defective in three ways, none of which is borne out by the record. First, the circuit court satisfied its duty to ascertain that Toliver's pleas were not induced by improper threats or promises by asking him the following:

> Q. Is anyone threatening you or forcing you to give up any of these constitutional rights?

A. No, ma'am.

…

Q. Has anyone made any threats or promises to you to get you to change your plea today?

A. No, ma'am.

¶12    Second, the circuit court ascertained Toliver's understanding of the nature of his crimes and the potential punishment he faced:

Q. Now my understanding is that you are going to be entering pleas to both counts in the information, correct?

A. Yes, ma'am.

Q. Again with respect to Count 1, first degree reckless injury with use of a dangerous weapon, sir, do you understand that that is a Class D felony. And upon conviction you may be fined not more than 100 thousand dollars, imprisoned not more than 25 years, or both. And because this was with use of a dangerous weapon you understand that the maximum term of imprisonment may be increased by up to five years for [a] total of 30 years in prison?

A. Yes, Ma'am.

Q. And you understand with respect to Count 2 attempted robbery with use of force with use of a dangerous weapon that that is a Class E felony and upon conviction with the weapon enhancer you are facing a $25,000 fine, 12 and a half years in prison or both?

A. Yes, Ma'am.

…

Q. So that that's clear, sir, with the weapon enhancer on Count 2 you are looking at [a] total of potentially 12 and a half years in prison and [a] $25,000 fine or both, correct?

A. Yes, Ma'am.

…

Q. Do you understand, sir, that I don't have to follow recommendations made by the state, recommendations

6

made by [trial counsel], or any recommendations that may be made in the PSI. And that I am free to sentence you to the maximum term of incarceration on each count?

A. Yes, ma'am.

Q. Do you need any additional time to talk to [trial counsel]?

A. No, ma'am.

Q. Has [trial counsel] explained to you the elements of both first degree reckless injury with use of a dangerous weapon and attempted robbery with use of force with a dangerous weapon?

A. Yes, ma'am.

Q. And in fact he has attached the elements directly to the plea questionnaire, correct?

A. Yes, ma'am.

Q. Do you understand those elements?

A. Yes, ma'am.

Q. For either offense there do you need me to review the elements of the crime with you again today on the record?

A. No, ma'am.

¶13 The information provided by the circuit court concerning the nature of Toliver's crimes and the maximum penalties he faced was accurate and complete under governing statute and case law, including *State v. Hoppe*, 2009 WI 41, ¶¶30-31, 317 Wis. 2d 161, 765 N.W.2d 794 (the defendant's plea questionnaire may properly be used by the court "when discharging its plea colloquy duties."). Nothing more was required.

¶14 Toliver points out that during the plea colloquy, he "entered a total of 39 responses to the questions from the circuit court" with a perfunctory "yes, ma'am," "no, ma'am," or "guilty." To the extent he is arguing that the court was

required to ask him open-ended questions, we are not persuaded. Toliver does not identify any portion of the plea colloquy that might have signaled to the court that Toliver was confused or did not understand the court's questions. Toliver's "yes" and "no" answers were responsive to the questions asked, and he told the court he did not need it to review the elements with him on the record.

¶15 Toliver's third alleged plea-colloquy deficiency—that the circuit court failed to ascertain the existence of a factual basis—fares no better. After ascertaining trial counsel's consent to "use the underlying criminal complaint and the amended Information as a factual basis for the change of plea … [,]" the court stated that it had reviewed these documents and "does find a factual basis for the change of plea." The facts set forth in the criminal complaint satisfy the elements of the crimes to which Toliver pled. That is sufficient to fulfill the court's plea-taking duties. *See **State v. Black***, 2001 WI 31, ¶4, 242 Wis. 2d 126, 624 N.W.2d 363.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.